**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| *In re* | ) | Chapter 11 |
| | ) | |
| EMPIRE GENERATING CO, LLC, *et al.*,[1] | ) | Case No. 19-23007 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING DEBTORS' MODIFIED AMENDED JOINT CHAPTER 11 PLAN

The Court having considered the *Debtors' Modified Amended Joint Chapter 11 Plan*, proposed by the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") a copy of which is attached hereto as **Exhibit A** (as it may be amended or supplemented from time to time in accordance with its terms and including all exhibits and supplements thereto, the "**Plan**"),[2] and the *Summary of Debtors' Amended Joint Chapter 11 Plan and Notice of Hearing to Approve Confirmation of Debtors' Amended Joint Chapter 11 Plan*, dated as of June 21, 2019 [Docket No. 164] (the "**Confirmation Hearing Notice**"); and upon the *Order (I) Scheduling Hearing to Consider Confirmation of the Plan, (II) Establishing Deadlines and Procedures to File Objections to the Plan, (III) Approving the Form and Manner of Notice of the Confirmation Hearing, and (IV) Establishing Procedures for Any Proposed Assumption and Cure of Executory Contracts and Unexpired Leases Pursuant to the Plan*, entered on June 21, 2019 [Docket No. 158] (the "**Plan Scheduling Order**"); and the Court on September 16, 2019

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, if applicable, are:  Empire Generating Co, LLC [3821], Empire Gen Holdco, LLC [3820], Empire Gen Holdings, LLC [4849], and TTK Empire Power, LLC [none].  The Debtors' corporate address is:  Empire Generating Co, LLC, c/o Tyr Energy, LLC, 7500 College Blvd., Suite 400, Overland Park, Kansas 66210.

[2]   Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan, a copy of which is annexed hereto as **Exhibit A**.

having held a hearing pursuant to section 1129 of the Bankruptcy Code to consider Confirmation

(the "**Confirmation Hearing**"); and upon the objections to confirmation of the Plan; and the Court

having considered the *Debtors' Memorandum of Law (I) in Support of Confirmation of the Debtors'*

*Amended Joint Chapter 11 Plan and (II) in Response to Objections Thereto*, filed by the Debtors

on September 11, 2019 [Docket No. 271] (the "**Confirmation Brief**"), the *Declaration of Garrick*

*F. Venteicher in Support of (I) Confirmation of the Debtors' Amended Joint Chapter 11 Plan and*

*(II) Entry of an Order Approving the Sale of Interests in Empire Gen Holdings, LLC to Empire*

*Acquisition, LLC* [Docket No. 266]  (the "**Venteicher Declaration**"), the *Declaration of Chip*

*Cummins in Support of (I) Confirmation of the Debtors' Amended Joint Chapter 11 Plan and (II)*

*Entry of an Order Approving the Sale of Interests in Empire Gen Holdings, LLC to Empire*

*Acquisition, LLC* [Docket No. 267] (the "**Cummins Declaration**"), each filed by the Debtors in

advance of the Confirmation Hearing; and the Court having admitted into the record and

considered evidence at the Confirmation Hearing; and, after due deliberation and for the reasons

stated by the Court on the record of the Confirmation Hearing, the Court having overruled all

unresolved objections to confirmation of the Plan and all reservations of rights not resolved as set

forth on such record or withdrawn unless otherwise indicated herein; and the Court having taken

judicial notice of the contents of the docket of the Chapter 11 Cases (defined below) maintained

by the Clerk of the Bankruptcy Court of the Southern District of New York (the "**Clerk of the**

**Court**") or its duly-appointed agent, including all pleadings and other documents filed, all orders

entered thereon, all hearing transcripts, and all evidence and arguments made, proffered, or

adduced at the hearings held before this Court during the pendency of the Chapter 11 Cases; and

after due deliberation thereon, good and sufficient cause appearing therefor,

It hereby is DETERMINED, FOUND, ADJUDGED, DECREED, AND

ORDERED THAT:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

A.      **Jurisdiction; Venue; Core Proceeding**. This Court has jurisdiction over

the above-captioned chapter 11 cases pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).  Venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) that the Court may decide by a final order

consistent with Article III of the United States Constitution, and this Court has jurisdiction to

determine whether the Plan complies with the applicable provisions of title 11 of the United States

Code (the "**Bankruptcy Code**") and should be confirmed.

B.      **Eligibility for Relief**. The Debtors were and are Entities eligible for relief

under section 109 of the Bankruptcy Code.

C.      **Commencement and Administration of the Chapter 11 Cases**. On May

19, 2019 (the "**Petition Date**"), the Debtors each commenced a case by filing a petition for relief

under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Chapter 11 Cases are

jointly administered. The Debtors have operated their businesses and managed their properties as

debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or

statutory committee has been appointed in the Chapter 11 Cases.

D.      **Filing of Plan and Plan Exhibits**. On May 19, 2019, the Debtors filed the

*Debtors' Joint Chapter 11 Plan* [Docket No. 8]. On June 20, 2019, the Debtors filed the *Debtors'*

---

[3]    All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to
Confirmation are hereby incorporated into this Confirmation Order to the extent not inconsistent herewith. Each
finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also
constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent it is or may
be deemed a finding of fact, shall also constitute a finding of fact.

*Amended Joint Chapter 11 Plan* [Docket No. 145]. On September 11, 2019, the Debtors filed the

*Debtors' Modified Joint Amended Chapter 11 Plan* [Docket No. 272-2]. On July 3, 2019, the

Debtors filed the Plan Supplement [Docket No. 183], which contained the following documents:

the Amended O&M Agreement, the Amended Emera Agreements, the Form of Limited Liability

Company Agreement for Empire Generating Co, LLC, the Form of Limited Liability Company

Agreement for Empire Gen Holdco, LLC, the Form of Limited Liability Company Agreement for

Empire Gen Holdings, LLC, the List of Officers and Managers for Reorganized Debtors, and the

Description of Certain Causes of Action Held by Reorganized Empire Generating Co, LLC. The

Plan Supplement and the documents contained therein, as amended, comply with the terms of the

Plan, and the filing and notice of the Plan Supplement materials were good and proper, and in

accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Plan Scheduling Order, and

no other or further notice is or shall be required.

       E.     **Transmittal of the Confirmation Hearing Notice**. On or before June 21,

2019, the Debtors, through their claims and noticing agent, Omni Management Group (the

"**Claims and Noticing Agent**"), caused the Confirmation Hearing Notice (and, where applicable,

copies of the Plan) to be served and distributed as required by the Plan Scheduling Order, section

1125 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the local rules for this Court (the

"**Local Rules**"), all other applicable provisions of the Bankruptcy Code, and all other applicable

rules, laws, and regulations applicable to such solicitation, all as set forth in the Affidavit of Service

of the Summary of Debtors' Amended Joint Chapter 11 Plan and Notice of Hearing to Approve

Confirmation of Debtors' Amended Joint Chapter 11 Plan [Docket No. 171] (the "**Noticing**

**Affidavit**"). The transmittal and service of the Confirmation Hearing Notice (and, where

applicable, copies of the Plan) was adequate and sufficient under the circumstances and no other or further notice is or shall be required.

F.    **Adequate Notice**. As described herein and as evidenced by the Noticing Affidavit, due, adequate and sufficient notice of the Plan and the Confirmation Hearing, together with all deadlines for objecting to the Plan was given in compliance with the Bankruptcy Code and the Bankruptcy Rules. The Debtors, through the Claims and Noticing Agent, caused the Confirmation Hearing Notice to be mailed to all of their known creditors as of the Record Date and all other entities required to be served under Bankruptcy Rules 2002 and 3017. The Debtors also published the Confirmation Hearing Notice in the national edition of *The Wall Street Journal* on June 25, 2019, as evidenced by the affidavit of publication filed by the Debtors on June 25, 2019 [Docket No. 172] national edition of *The New York Times* on June 25, 2019, as evidenced by the affidavit of publication filed by the Debtors on June 25, 2019 [Docket No. 173], in compliance with the Plan Scheduling Order and Bankruptcy Rule 2002(l). Thus, the Debtors have given proper, adequate and sufficient notice of the Confirmation Hearing and no other or further notice is or shall be required.

G.    **Plan Modifications**. Subsequent to entry of the Plan Scheduling Order, the Debtors made certain modifications to the Plan. All such modifications since the entry of the Plan Scheduling Order are consistent with all of the provisions of the Bankruptcy Code, including sections 1122, 1123, 1125, and 1127 of the Bankruptcy Code. None of the aforementioned modifications is material or adversely affects the treatment of any holder of a Claim or Interest under the Plan. Accordingly, pursuant to section 1127(a) of the Bankruptcy Code, none of the modifications require additional disclosure under section 1125 of the Bankruptcy Code or solicitation of votes under section 1125 of the Bankruptcy Code. Prior notice regarding the

substance of any modifications to the Plan, together with the filing with the Bankruptcy Court of the Plan as modified, and the disclosure of the Plan modifications on the record at or prior to the Confirmation Hearing constitute due and sufficient notice of any and all such modifications. The Plan as modified shall constitute the Plan submitted for Confirmation.

H.    **Bankruptcy Rule 3016**. The Plan is dated and identifies the Entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

I.    **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))**. The Plan satisfies section 1129(a)(1) of the Bankruptcy Code because it complies with the applicable provisions of the Bankruptcy Code, including, but not limited to: (a) the proper classification of Claims and Interests (11 U.S.C. §§ 1122, 1123(a)(1)); (b) the specification of Unimpaired Classes of Claims and Interests (11 U.S.C. § 1123(a)(2)); (c) the specification of treatment of Impaired Classes of Claims and Interests (11 U.S.C. § 1123(a)(3)); (d) provision for the same treatment of each Claim or Interest within a Class (11 U.S.C. § 1123(a)(4)); (e) provision for adequate and proper means for implementation of the Plan (11 U.S.C. § 1123(a)(5)); (f) the prohibition against a debtor issuing non-voting equity securities (11 U.S.C. § 1123(a)(6)); (g) adequate disclosure of the identities and affiliations of the officers and managers of the Reorganized Debtors; and (h) additional plan provisions permitted to effectuate the restructuring of the Debtors through the Chapter 11 Cases (11 U.S.C. § 1123(b)).

(a)    **Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))**. The classification of Claims and Interests under the Plan is proper under the Bankruptcy Code. In accordance with sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan adequately and properly identifies and classifies all Claims and Interests (other than Administrative Claims, Professional Claims, Priority Tax Claims, and Statutory Fees which are

addressed in Article II of the Plan, and which are not required to be designated as separate Classes pursuant to section 1123(a)(1) of the Bankruptcy Code). Claims of the secured parties under the Prepetition Credit Agreement do not require classification because all such claims will be discharged pursuant to the Sale Order other than certain contingent claims of the Prepetition Agent, including the Prepetition Credit Agreement Contingent Rights—which will survive the Effective Date—and fees and expenses of the Prepetition Agent that are required to be paid prior to, on or subsequent to the Effective Date, as applicable, pursuant to the Plan. The Plan provides for the separate classification of Claims and Interests into seven Classes based on differences in the legal nature or priority of such Claims and Interests. Each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims and Interests within that Class, and such classification therefore satisfies section 1122 of the Bankruptcy Code. Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims and Interests under the Plan, the classifications were not made for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among holders of Claims or Interests. Accordingly, the requirements of section 1123(a)(1) of the Bankruptcy Code are satisfied.

(b)     **Specified Treatment of Unimpaired Classes (11 U.S.C. § 1123(a)(2))**. The Plan specifies in Article III that Classes 1, 2, 3, 4, 5, 6, and 7A are Unimpaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(c)     **Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))**. The Plan specifies in Article III that Class 7B is Impaired, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(d)     **No Discrimination (11 U.S.C. § 1123(a)(4))**. Article III of the Plan provides for the same treatment for each Claim or Interest in each respective Class unless the

holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or

Interest. Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

(e)    **Implementation of the Plan (11 U.S.C. § 1123(a)(5))**. Article IV of

the Plan provides for adequate and proper means for implementation of the Plan, thereby satisfying

section 1123(a)(5) of the Bankruptcy Code.

(f)    **Non-voting Equity Securities (11 U.S.C. § 1123(a)(6))**. The Limited

Liability Company Agreements of the Reorganized Debtors do not provide for the issuance of non-

voting equity securities pursuant to and to the extent required by section 1123(a)(6) of the

Bankruptcy Code. Accordingly, the Plan satisfies section 1123(a)(6) of the Bankruptcy Code.

(g)    **Selection of Officers, Managers or Trustees (11 U.S.C. §
1123(a)(7))**. The Debtors have properly and adequately disclosed the identity and affiliations of

all individuals proposed to serve on or after the Effective Date, as Officers and Managers of the

Reorganized Debtors as set forth in Exhibit F of the Plan Supplement [Docket No. 183].  The

appointment, employment, or manner of selection of such individuals or entities and the proposed

compensation and indemnification arrangements for such individuals are consistent with the

interests of holders of Claims and Interests and with public policy. Thus, section 1123(a)(7) of the

Bankruptcy Code is satisfied.

(h)    **Postpetition Personal Service Payments (11 U.S.C. § 1123(a)(8)).**
The Debtors are not "individuals" (as that term is defined in the Bankruptcy Code), as such section

1123(a)(8) of the Bankruptcy Code is inapplicable to the Plan.

(i)    **Impairment/Unimpairment of Classes of Claims and Interests (11
U.S.C. § 1123(b)(1))**. Pursuant to Article III of the Plan, as set forth in section 1123(b)(1) of the

Bankruptcy Code, Class 1 (Other Priority Claims), Class 2 (L/C Claims), Class 3 (the Emera

Secured Claims), Class 4 (the PILOT Claims), Class 5 (Other Secured Claims), Class 6 (General

Unsecured Claims) and Class 7A (Interests in Subsidiary Debtors) are Unimpaired and Class 7B

(Interests in TTK Empire) is Impaired.

(j)      **Assumption and Rejection (11 U.S.C. § 1123(b)(2))**. Article V of

the Plan addresses the assumption and rejection of Executory Contracts and Unexpired Leases to

be assumed or rejected under the Plan, and meets the requirements of section 365 of the

Bankruptcy Code.

(k)      **Settlement and Retention of Claims and Causes of Action and**

**Reservation of Rights (11 U.S.C. § 1123(b)(3))**. Pursuant to section 1123(b)(3)(A) of the

Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other

benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good

faith compromise or settlement of all Claims, Interests, and controversies resolved thereunder, and

the entry of this Confirmation Order constitutes approval of the compromise or settlement of all

such Claims, Interests, and controversies, as well as a finding by the Court that such compromise

and settlement is (i) in the best interests of the Debtors, their Estates, and their respective property

and stakeholders, including the holders of Claims and Interests, and (ii) fair, equitable, and within

the range of reasonableness. Further, in accordance and compliance with section 1123(b)(3)(B) of

the Bankruptcy Code, Section 4.3 of the Plan properly retains certain Causes of Action of the

Debtors by the Debtors.

(l)      **Rights of Holders of Classes of Claims (11 U.S.C. § 1123(b)(5))**. In

accordance and in compliance with section 1123(b)(5) of the Bankruptcy Code, the Plan properly

modifies the rights of holders of Interests in Class 7B (Interests in TTK Empire). The Plan leaves

unaffected the rights of holders of Claims and Interests in Class 1 (Other Priority Claims), Class 2

(L/C Claims), Class 3 (the Emera Secured Claims), Class 4 (the PILOT Claims), Class 5 (Other Secured Claims), Class 6 (General Unsecured Claims) and Class 7A (Interests in Subsidiary Debtors). Thus, the Plan complies with section 1123(b)(5) of the Bankruptcy Code.

(m)    **Additional Plan Provisions (11 U.S.C. § 1123(b)(6))**. The Plan's additional provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for: (i) distributions to holders of Claims; (ii) indemnification obligations; (iii) releases by the Debtors of the Released Parties; (iv) releases by the Releasing Parties of the Released Parties; (v) the injunctions contained at Section 8.5 of the Plan; and (vi) the exculpation of the Exculpated Parties. No provision of this Confirmation Order or the Plan (including section 4.9 of the Plan) shall operate to release any claim held by a non-Debtor that is not a Releasing Party[4] against a non-Debtor.

(n)    **Debtors Are Not Individuals (11 U.S.C. § 1123(c))**. The Debtors are not individuals. Accordingly, section 1123(c) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

(o)    **Cure of Defaults (11 U.S.C. § 1123(d))**. Section 5.2 of the Plan provides for the satisfaction of any defaults associated with any Executory Contract or Unexpired Lease to be assumed pursuant to the Plan in accordance with section 365(b)(1) of the Bankruptcy Code. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

(p)    **Adequacy of Confirmation Hearing Notice**.  As determined at the hearing to consider entry of the Plan Scheduling Order, the Confirmation Hearing Notice contained extensive material information regarding the Plan so that parties could make an informed decision

---

[4] For the avoidance of doubt, holders of General Unsecured Claims, except as specifically named in Section 1.110 (definition of "Releasing Parties") of the Plan, are not subject to, included in or otherwise bound by any of the release provisions in this Confirmation Order or the Plan.

10

regarding whether to object to the Plan including the release, exculpation, indemnification, and injunction provisions contained therein.

        J.      **Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))**. The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Plan Scheduling Order, and other orders of this Court, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

        K.      **Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))**. The Debtors have proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the formulation and negotiation of the Plan and all modifications thereto, the Restructuring Support Agreement, the Bid Procedures Order and the Sale Order. The Chapter 11 Cases were filed, and the Plan and all modifications thereto, with the legitimate and honest purpose of reorganizing and maximizing the value of the Debtors and the recovery to holders of Claims and Interests. Therefore, the Debtors have proposed the Plan in good faith and not by any means forbidden by law, and section 1129(a)(3) of the Bankruptcy Code is satisfied with respect to the Plan.

        L.      **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))**. Any payment made or to be made by the Debtors for services or for costs and expenses in connection with the Chapter 11 Cases, including administrative expense and substantial contribution claims under sections 503 and 507 of the Bankruptcy Code, or in connection with the

Plan and incident to the Chapter 11 Cases, either has been approved by or is subject to the approval of the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

M.    **Disclosure of Identities of Officers, Managers and Insiders (11 U.S.C. § 1129(a)(5))**. The Debtors, as proponents of the Plan, have complied with section 1129(a)(5) of the Bankruptcy Code. The Debtors have properly and adequately disclosed the identity and affiliations of all individuals proposed to serve on or after the Effective Date as managers and officers of the Debtors as disclosed on Exhibit F of the Plan Supplement [Docket No. 183] and the appointment to such offices of such Entities is consistent with the interests of holders of Claims and Interests and with public policy.

N.    **No Rate Changes (11 U.S.C. § 1129(a)(6))**. Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

O.    **Best Interests Test (11 U.S.C. § 1129(a)(7))**. The Venteicher Declaration, the Cummins Declaration, and other evidence proffered or adduced at the Confirmation Hearing (1) are persuasive and credible, (2) are based upon reasonable and sound assumptions, and (3) establish that each holder of a Claim or Interest in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. Therefore, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

P.    **Acceptance By Certain Classes (11 U.S.C. § 1129(a)(8))**. Classes 1, 2, 3, 4, 5, 6, and 7A are Unimpaired by the Plan and therefore, under section 1126(f) of the Bankruptcy Code, such Classes are conclusively presumed to have accepted the Plan. The Plan has not been

accepted by Class 7B, which class is deemed to reject the Plan. Therefore, section 1129(a)(8) of

the Bankruptcy Code has not been satisfied with respect to Class 7B that are deemed to reject the

Plan. Accordingly, Confirmation is sought pursuant to section 1129(b) of the Bankruptcy Code

with respect to such Class.

Q.     **Treatment of Administrative Claims, Priority Tax Claims, and Other
Priority Claims (11 U.S.C. § 1129(a)(9))**. The treatment of Administrative Claims, Other Priority

Claims and Statutory Fees under the Plan satisfies the requirements of section 1129(a)(9)(A) and

(B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies the

requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

R.     **Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10))**. As there is no

Impaired Class of Claims, section 1129(a)(10) of the Bankruptcy Code is satisfied with respect to

the Plan.

S.     **Feasibility (11 U.S.C. § 1129(a)(11))**. Each of the Venteicher Declaration

and the Cummins Declaration (i) is persuasive and credible, (ii) has not been controverted by other

evidence, and (iii) together with the record of the Chapter 11 Cases and the evidence presented at

the Confirmation Hearing, establishes that the Plan is feasible and provides adequate and

appropriate means for its implementation, thereby satisfying the requirements of section

1129(a)(11) of the Bankruptcy Code.

T.     **Payment of Fees (11 U.S.C. § 1129(a)(12))**. The Debtors have paid, or

pursuant to the Plan shall pay by the Effective Date, all Statutory Fees due and owing, thereby

satisfying section 1129(a)(12) of the Bankruptcy Code, and pursuant to this Order and Section 2.4

of Plan, each Reorganized Debtor shall pay timely all Statutory Fees as they become due and

owing until such time as a Final Decree is entered closing the Chapter 11 Case for such

13

Reorganized Debtor, a Final Order converting such Reorganized Debtor's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code is entered, or a Final Order dismissing such Reorganized Debtor's Chapter 11 Case is entered.

U.      **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))**. The Debtors did not provide any retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, at any time prior to confirmation of the Plan and therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

V.      **Non-Applicability of Certain Sections (11 U.S.C. §§ 1129(a)(14), (15)) and (16).** Sections 1129(a)(14), (15) and (16) of the Bankruptcy Code do not apply to the Chapter 11 Cases as the Debtors owe no domestic support obligations, are not individuals and are not nonprofit corporations.

W.      **Section 1129(b); Confirmation of the Plan Over Nonacceptance of Impaired Class**. Class 7B is deemed to reject the Plan (the "**Deemed Rejecting Class**"). Pursuant to section 1129(b) of the Bankruptcy Code, the Plan may be confirmed notwithstanding that the Deemed Rejecting Class has not voted to accept the Plan. All of the requirements of section 1129(a) of the Bankruptcy Code with respect to such Class, other than section 1129(a)(8), have been met. With respect to the Deemed Rejecting Class, no holders of Claims or Interests junior to the holders of Interests in such Class will receive or retain any property under the Plan on account of such Claims or Interests. Additionally, no Class of Claims or Interests is receiving property under the Plan having a value more than the Allowed amount of such Claim or Interest. Further, the Plan does not unfairly discriminate among Classes of Claims and Interests because holders of Claims and Interests with similar legal rights will not be receiving materially different treatment under the Plan. Specifically, classifications and recoveries under the Plan are based on the legal rights of

holders of Claims and Interests. Accordingly, the Plan is fair and equitable and does not discriminate unfairly, as required by section 1129(b) of the Bankruptcy Code, and may be confirmed under Bankruptcy Code section 1129(b) notwithstanding the deemed Rejecting Class's deemed rejection of the Plan. After entry of this Confirmation Order and upon consummation of the Plan, the Plan shall be binding upon the members of the Deemed Rejecting Class.

X.    **Only One Plan (11 U.S.C. § 1129(c))**. The Plan is the only plan filed in each of these Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

Y.    **Principal Purpose of Plan (11 U.S.C. § 1129(d))**. No party in interest has objected to the confirmation of the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

Z.    **Small Business Case (11 U.S.C. § 1129(e))**. None of these Chapter 11 Cases is a "small business case," as that term is defined in the Bankruptcy Code, and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable.

AA.    **Releases**. The release, injunction, indemnification, and exculpation provisions described in Article VIII of the Plan, including Sections 8.2, 8.3, 8.4, 8.5, and 8.8, were adequately disclosed and explained in the Confirmation Hearing Notice and in the Plan; were the product of extensive good faith, arm's-length negotiations and settlements of the matters covered thereby; are otherwise approved by this Court as appropriate pursuant to applicable law; or are consensual with respect to the releases set forth in Section 8.3 of the Plan (Third Party Releases) as to (a) the Released Parties and (b) the Prepetition Agent. Such compromises and settlements are

15

made in exchange for consideration and are fair, equitable, and reasonable, and are integral elements of the Chapter 11 Cases in accordance with the Plan. Each of the release, injunction, indemnification, and exculpation provisions set forth in the Plan: (i) is within the jurisdiction of the Court under 28 U.S.C. §§ 157(a)-(b) and 1334(a), (b), and (d); (ii) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (iii) is an integral and non-severable element of the settlements and transactions incorporated into the Plan; (iv) confers a material benefit on, and is in the best interests of, the Debtors, their Estates, and the holders of Claims and Interests; and (v) is consistent with sections 105, 1123, 1129, and other applicable provisions of the Bankruptcy Code. The failure to give effect to the release, injunction, indemnification and exculpation provisions set forth in the Plan, as approved by this Confirmation Order, would impair the Debtors' ability to confirm and implement the Plan. No provision of this

Confirmation Order or the Plan (including section 4.9 of the Plan) shall operate to release any claim held by a non-Debtor that is not a Releasing Party against a non-Debtor.

BB.    **Plan Conditions to Consummation**. Each of the conditions precedent to the Effective Date, as set forth in Section 9.1 of the Plan, is reasonably likely to be satisfied or waived in accordance with the terms of the Plan.

CC.    **Judicial Notice**. The Court takes judicial notice of the filings listed on the Court's docket of the Chapter 11 Cases maintained by the Clerk of the Court or its duly appointed agents.

DD.    **Burden of Proof**. The Debtors, as proponents of the Plan, have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.

EE.    **Retention of Jurisdiction**. This Court properly may retain jurisdiction over the matters set forth in Article XI of the Plan.

## DECREES

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### Confirmation of Plan

1.    **Confirmation**. The Plan, attached hereto as **Exhibit A**, including all Exhibits attached thereto or included in the Plan Supplement, is approved and confirmed under section 1129 of the Bankruptcy Code. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order and the Debtors are authorized to implement their provisions and consummate the Plan without any further authorization except as expressly required by the Plan or this Confirmation Order.

2.      **Notice**. Notice of the Plan, its exhibits, and all amendments and modifications thereto, and the Confirmation Hearing Notice were proper and adequate.

3.      **Objections**. For the reasons stated on the record at the Confirmation Hearing, all objections and all reservations of rights that have not been withdrawn, waived, settled, or resolved as provided in this Order pertaining to the Confirmation of the Plan are overruled on the merits.

4.      **Authorization to Implement the Plan**. Upon the entry of this Confirmation Order, the Debtors and the Reorganized Debtors, as applicable, and their respective professionals, are authorized to take, or cause to be taken, all actions necessary or appropriate to implement all provisions of, and to consummate, the Plan, and to execute, enter into, or otherwise make effective all documents arising in connection therewith, prior to, on, and after the Effective Date. All such actions taken or caused to be taken shall be, and hereby are, authorized and approved by this Court, such that no further approval, act, or action need be taken under any applicable law, order, rule, or regulation, including, without limitation, (a) the incurrence of all obligations contemplated by the Plan and the making of distributions and (b) the implementation of all settlements and compromises as set forth in or contemplated by the Plan.

5.      The Debtors are authorized to make payments required to be made under the Plan at any time on and after the Effective Date.

6.      **Releases, Injunctions, Limitations of Liability, and Exculpation**. All releases, injunctions, limitations of liability, and exculpation provisions in the Plan, including, without limitation, those in Article VIII of the Plan, are fair and equitable and given for valuable consideration and are in the best interest of the Debtors and all parties in interest, and such provisions shall be effective and binding on all persons and entities, to the extent provided therein,

18

and are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety. No provision of this Confirmation Order or the Plan (including section 4.9 of the Plan) shall operate to release any claim held by a non-Debtor that is not a Releasing Party against a non-Debtor.

7.      **Plan Classification and Treatment**. All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan. The Plan's classification scheme shall be, and hereby is, approved.

8.      **Cancellation of Existing Instruments, Certificates and Other Documents**.

(a)      Except as otherwise set forth in the Plan (including with respect to Executory Contracts and Unexpired Leases that shall be assumed) or for the purpose of evidencing a right to a distribution under the Plan, or in this Order, on the Effective Date, all agreements, instruments and other documents evidencing or governing any Claims or Interests and any rights of any holder of a Claim or Interest in respect thereof (including all registration rights, preemptive rights, rights of first refusal, rights of first offer, co-sale rights and other investor rights governing or relating to any Claims or Interests), shall be deemed cancelled, discharged, and of no force or effect and the obligations of the Debtors thereunder shall be deemed fully discharged and the Prepetition Agent shall be released from all duties thereunder.  For the avoidance of doubt, nothing contained herein or in the Plan shall be deemed to cancel, terminate, or discharge an obligation of the Debtors under any agreements, instruments, or documents transferred pursuant to the Purchase Agreement.

(b)      Notwithstanding the foregoing, any provision in any document, instrument, lease, or other agreement that causes or effectuates, or purports to cause or effectuate, a default, termination, loss, waiver, or other forfeiture of, or by, the Debtors or their interests, or

19

any increase or acceleration of any of their obligations, in any such case as a result of the cancellations, terminations, satisfaction, releases, or discharges provided for in Section 4.9 of the Plan shall be deemed null and void and shall be of no force and effect. Nothing contained herein or in the Plan shall be deemed to cancel, terminate, release, or discharge the obligation of the Debtors or any of their counterparties under any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed pursuant to a Final Order of the Bankruptcy Court or hereunder. Subject to applicable law, and except with respect to any Claims or Causes of Action released under the Plan, any rights and/or remedies of non-Debtor parties solely against other non-Debtor parties pursuant to agreements, instruments, and other documents canceled pursuant to this paragraph are preserved.  For the avoidance of doubt, it is hereby made 100% clear that, in any subsequent litigation that may occur between non-Debtor parties, no provision of this Confirmation Order or the Plan shall be construed to release or modify any claim held by a non-Debtor that is not a Releasing Party against a non-Debtor, and all rights of non-Debtors against non-Debtors shall be preserved as if the agreements that are otherwise canceled or discharged against the Debtors (including pursuant to section 4.9 of the Plan) were in full force and effect.

(c)       Notwithstanding anything to the contrary herein or in the Plan or the occurrence of the Effective Date, the Prepetition Loan Documents shall continue in effect solely for purposes of (1) permitting the Prepetition Agent to seek and receive payment of any amounts due pursuant to Section 4.17 of the Plan, (2) maintaining the Prepetition Agent's charging liens and priority of payment with respect to its (and its advisors') postpetition fees and expenses, (3) preserving all rights, including rights of enforcement, of the Prepetition Agent against any other person other than a Released Party, including with respect to indemnification or contribution from

20

the Lenders and (4) permitting the Prepetition Agent to assert any rights with respect to or receive any benefit of the Prepetition Credit Agreement Contingent Rights. The Prepetition Agent shall be discharged and shall have no further obligation or duties except as provided in the Plan and Confirmation Order (including without limitation subparagraph 8(d) below), and after performance by the Prepetition Agent and its representatives and professionals of any obligations and duties required under or related to the Plan or Confirmation Order, the Prepetition Agent shall be relieved of and released from any obligations and duties arising thereunder.

(d)    For the avoidance of doubt, the Reorganized Subsidiary Debtors shall succeed to the Subsidiary Debtors' respective obligations and burdens with respect to the Prepetition Credit Agreement Contingent Rights, and nothing herein or in the Plan (including without limitation the treatment of Claims and the discharges, exculpations and releases set forth in Article VIII of the Plan) shall be deemed to discharge, exculpate or release any person, including the Subsidiary Reorganized Debtors and the lenders under the Prepetition Credit Agreement, from their respective obligations and burdens with respect to the Prepetition Credit Agreement Contingent Rights. Notwithstanding the foregoing, or anything to the contrary herein or in the Plan, no provision of this Confirmation Order or the Plan (including section 4.9 of the Plan) shall operate to release any claim held by a non-Debtor that is not a Releasing Party against a non-Debtor.

9.    **Dissolution of TTK Empire**. Immediately following the occurrence of the Effective Date and without further order of the Bankruptcy Court, TTK Empire shall be dissolved for all purposes.

10.    **Exemption from Certain Transfer Taxes and Recording Fees**. To the fullest extent contemplated by section 1146(a) of the Bankruptcy Code, any transfers of property under the Plan or any transfers of property made in connection therewith shall not be subject to

any stamp tax or similar tax, and upon entry of this Confirmation Order, the appropriate state or

local governmental officials or agents shall forgo the collection of any such tax or governmental

assessment and accept for filing and recordation any of the foregoing instruments or other

documents without the payment of any such tax or governmental assessment. The Bankruptcy

Court shall retain specific jurisdiction with respect to these matters.

11.    **Utility Deposits**. On the Effective Date, the Debtors are authorized to release

any and all funds deposited into any segregated accounts maintained for the benefit of any utility

companies pursuant to any interim or final order of the Court approving the Debtors' proposed

form of adequate assurance of payment for future utility services and granting related relief.

## Unexpired Leases and Executory Contracts

12.    **Rejection and Assumption of Executory Contracts and Unexpired**

**Leases**. The Executory Contract and Unexpired Lease provisions of Article V of the Plan are

approved.

## Bar Dates and Other Deadlines

13.    **Administrative Claims Bar Date**. Except as otherwise provided herein or

in the Plan and as set forth in Sections 2.2 and 2.4 of the Plan, all requests for payment of an

Administrative Claim arising prior to the Confirmation Date must be filed and served on counsel

for the Debtors no later than the Administrative Claims Bar Date, which shall be thirty days after

the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court.  Holders of

Administrative Claims that are required to, but do not, file and request payment of such

Administrative Claim(s) by the Administrative Claims Bar Date shall be forever barred, estopped,

and enjoined from asserting such Administrative Claims against the Debtors or their property and

such Administrative Claims shall be deemed disallowed in full as of the Effective Date.

Notwithstanding the foregoing, the Administrative Claims Bar Date shall not apply to: (a)

restructuring expenses payable to or on behalf of the Prepetition Agent in accordance with the Cash Collateral Orders; (b) Transaction Expenses (as defined in the RSA) payable in accordance with the order authorizing and directing assumption of the RSA [Docket No. 98]; (c) Cure Claims (which are subject to separate orders of the Court); (d) Statutory Fees; (e) Administrative Expense Claims based solely upon liabilities incurred by the Debtors in the ordinary course of their business to providers of goods and services, and (f) any other Administrative Claims Allowed by a Final Order of the Bankruptcy Court entered on or before the Effective Date.

14.      **Professional Claims**. In accordance with and pursuant to Section 2.2 of the Plan, the amount of Professional Claims owing to the Professionals will be paid in Cash upon approval of such Claims by the Bankruptcy Court; *provided* that, in accordance with Section 2.2 of the Plan, all final requests for payment of Professional Claims must be filed no later than the Administrative Claims Bar Date.

## Injunction, Release, and Exculpation Provisions

15.      **Injunction**. Except as otherwise provided in the Plan or for obligations issued pursuant to the Plan, all Persons that have held, hold or may hold Claims or Interests that have been released pursuant to Section 8.2 or Section 8.3, discharged pursuant to Section 8.1, or are subject to exculpation pursuant to Section 8.4 are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Released Parties or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Persons on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Persons or the property or

23

Estates of such Persons on account of or in connection with or with respect to any such Claims or

Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any

obligation due from such Persons or against the property or Estates of such Persons on account of

or in connection with or with respect to any such Claims or Interests unless such holder has filed

a motion requesting the right to perform such setoff on or before the Confirmation Date; and (e)

commencing or continuing in any manner any action or other proceeding of any kind on account

of or in connection with or with respect to any such Claims or Interests released, exculpated, or

settled pursuant to the Plan.

        16.    **Debtor Release**. Pursuant to section 1123(b) of the Bankruptcy Code, except

as otherwise specifically provided for in the Plan, or for any right or obligation arising under the

Plan Documents or any other agreements duly entered by the Debtors after the Petition Date that

remains in effect after the Effective Date, as of the Effective Date, for good and valuable

consideration, each of the Debtors, the Reorganized Debtors, and the Estates shall be deemed to

have irrevocably and absolutely released the Released Parties from any and all Claims and Causes

of Action that the Debtors, the Reorganized Debtors, or the Estates would have been legally

entitled to assert in their own right (whether individually or collectively) or on behalf of the holder

of any Claim or Interest or other Person, based in whole or in part upon any act or omission,

transaction, agreement, event or other occurrence or circumstances existing or taking place on or

before the Effective Date arising out of or in any way related to the Debtors, the Reorganized

Debtors, the Estates, NAES, the O&M Agreement (solely to the extent the Amended O&M

Agreement has been entered into and is in effect), the Emera Agreements (solely to the extent the

Amended Emera Agreements have been entered into and are in effect), the Asset Management

Agreement, the Prepetition Loan Documents, the Chapter 11 Cases, the RSA, the Purchase

24

Agreement, the Plan, the Plan Documents, the Cash Collateral Orders or the Cash Collateral Motion, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the negotiation, formulation, or preparation of the foregoing documents or related agreements, instruments, or other documents; provided, however, that the foregoing provisions of Section 8.2 of the Plan shall have no effect on the liability of any of the Released Parties for gross negligence, willful misconduct, fraud, or criminal conduct as determined by a Final Order entered by a court of competent jurisdiction; provided, further, that the release of Claims contained in Section 8.2 of the Plan shall be in addition to and shall have no impact on the validity of the release granted by the Subsidiary Debtors pursuant to Section 9.15 of the Purchase Agreement.

17.    **Third Party Release**. Except as otherwise specifically provided for in the Plan or for any right or obligation arising under the Plan Documents or any other agreements duly entered by the Debtors after the Petition Date that remains in effect after the Effective Date, as of the Effective Date, for good and valuable consideration and in accordance with section 1141 of the Bankruptcy Code, each of the Released Parties shall be deemed irrevocably and absolutely released by each of the Releasing Parties in each case from any and all claims, interests, obligations, rights, liabilities, actions, causes of action, choses in action, suits, debts, demands, damages, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, remedies, rights of setoff, third party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims, and crossclaims (including all claims and actions against any Persons under the Bankruptcy Code) whatsoever, whether for tort, fraud, contract, violations of federal or state securities laws, Avoidance Actions or otherwise, including any derivative Claims asserted on

behalf of the Debtors, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, existing or hereinafter arising, in law, equity, or otherwise, that such Person would have been legally entitled to assert in its own right (whether individually or collectively), or on behalf of the holder of any claim or equity interest (whether individually or collectively) or other entity, in any case of the foregoing, based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence or circumstances existing or taking place at any time on or before the Effective Date arising out of or in any way related to the Debtors, the Reorganized Debtors, the Estates, NAES, the O&M Agreement (solely to the extent the Amended O&M Agreement has been entered into and is in effect), the Emera Agreements (solely to the extent the Amended Emera Agreements have been entered into and are in effect), the Asset Management Agreement, the Prepetition Loan Documents, the Cash Collateral Orders and the Cash Collateral Motion, the Chapter 11 Cases, the RSA (including any exhibits thereto), the Purchase Agreement, the Plan, or the Plan Documents; provided, however, that the foregoing provisions of Section 8.3 of the Plan shall have no effect on the liability of any of the Released Parties for gross negligence, willful misconduct, fraud, or criminal conduct as determined by a Final Order entered by a court of competent jurisdiction.  For the avoidance of doubt, nothing in Article VIII of the Plan is intended to modify the obligations of the Consenting Lenders under the RSA.

18.    **Exculpation and Limitation of Liability**. No Exculpated Party shall have or incur any liability, and each Exculpated Party is hereby released and exculpated from any Exculpated Claim or any obligation, cause of action or liability for any Exculpated Claim; provided, however, that the foregoing "exculpation" shall have no effect on the liability of any Person that results from any such act or omission that is determined in a Final Order entered by a court of

26

competent jurisdiction to have constituted gross negligence, willful misconduct, fraud, or criminal conduct; provided, further, that in all respects such Persons shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to, or in connection with, the Plan.  The Exculpated Parties have, and upon Confirmation shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the making of distributions pursuant to the Plan and, therefore, are not and shall not be liable at any time for the violation of any applicable law, rule or regulation governing such distributions made pursuant to the Plan.

### Notice and Other Provisions

19.    **Notice of Confirmation Order and Occurrence of Effective Date**. The Reorganized Debtors shall file with this Court a notice of the occurrence of the Effective Date within a reasonable time after the conditions in Section 9.2 of the Plan have been satisfied or waived pursuant to Section 9.3 of the Plan. The Reorganized Debtors shall serve notice of entry of this Confirmation Order and occurrence of the Effective Date pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), on (a) known holders of Claims and Interests, (b) parties that requested notice in accordance with Bankruptcy Rule 2002, and (c) all other parties included in the Debtors' creditor and notice party matrix, by causing a notice of this Confirmation Order and the occurrence of the Effective Date in substantially the form of the notice annexed hereto as **Exhibit B** (the "**Notice of Effective Date**"), which form is hereby approved, to be delivered to such parties by first class mail, postage prepaid. The Notice of Effective Date shall also be published on one occasion in each of *The New York Times* (national edition) and *The Wall Street Journal* (national edition).  Notice need not be given or served under the Bankruptcy Code, the Bankruptcy Rules, or this Confirmation Order to any Entity to whom the Debtors mailed a notice of the Bar Date or Confirmation Hearing, but received such notice returned marked "undeliverable

27

as addressed," "moved—left no forwarding address," "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Person of that Person's new address. The notice described herein is adequate and appropriate under the particular circumstances of the Chapter 11 Cases, and no other or further notice is necessary.

20.    **Plan Modifications**. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 (and those restrictions on modifications set forth in the Plan) and any consent rights as set forth in the Plan, the Debtors, may revoke or withdraw, alter, amend, or modify the Plan with respect to each Debtor one or more times after Confirmation, and to the extent necessary, may institute proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan after Confirmation, or remedy any defect or omission or reconcile any inconsistencies in the Plan or this Confirmation Order, in such matters as may be necessary to carry out the purposes and effects of the Plan and this Confirmation Order.

21.    **Failure to Consummate Plan and Substantial Consummation**. If the Effective Date does not occur, then the Plan, any settlement or compromise embodied in the Plan (except for the Sale and the Sale Order), the assumption or rejection of executory contracts or unexpired leases effected by the Plan (except as provided for in the Sale Order), and any document or agreement executed pursuant to the Plan, shall be null and void in all respects. In such event, nothing contained in the Plan or this Confirmation Order, and no acts taken in preparation for consummation of the Plan, shall be deemed to (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by or against the Debtors or any other Entity; (b) to prejudice in any manner the rights and defenses of the Debtors, the holder of a Claim or Interest, or any Person in any further proceedings involving the Debtors; (c) constitute an admission, acknowledgement,

offer, or undertaking of any sort by the Debtors or any other Person; or (d) be construed as a finding of fact or conclusion of law with respect thereto.

22.    **Exhibits**. Each reference to a document, agreement or summary description that is in the form attached as an Exhibit to the Plan in this Confirmation Order or in the Plan shall be deemed to be a reference to such document, agreement or summary description in substantially the form of the latest version of such document, agreement or summary description filed with the Court (whether filed as an attachment to the Plan or filed separately).

23.    **Plan and Confirmation Order Mutually Dependent**. The provisions of this Confirmation Order and the provisions of the Plan are hereby deemed nonseverable and mutually dependent.

24.    **Incorporation**. The failure to specifically include any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of this Court that the Plan be by this Confirmation Order confirmed in its entirety and be incorporated herein by reference.

25.    **Confirmation Order Supersedes**. Except as expressly provided in the Plan or this Confirmation Order, it is hereby ordered that this Confirmation Order shall supersede any orders of this Court issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.

26.    **Governmental Approvals Not Required**. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and (except for the regulatory approvals required for the Closing of the sale approved by

29

the Sale Order) any other acts referred to in or contemplated by the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

27.    **Federal Communications Commission**. No provision in the Plan or this Confirmation Order relieves any Regulated Entity[5] or reorganized Regulated Entity from its obligation to comply with the Communications Act of 1934, as amended, and the rules, regulations and orders promulgated thereunder by the Federal Communications Commission ("**FCC**"). No transfer of any FCC license or authorization held by a Regulated Entity or transfer of control of a Regulated Entity, or transfer of control of an FCC license controlled by a Regulated Entity shall take place prior to the issuance of FCC regulatory approval for such transfer pursuant to applicable FCC regulations. The FCC's rights and powers to take any action pursuant to its regulatory authority, including but not limited to imposing any regulatory conditions on any of the above-described transfers are fully preserved, and nothing herein shall proscribe or constrain the FCC's exercise of such power or authority to the extent provided by law.

28.    **Certain Governmental Matters**.    As to any Governmental Unit, nothing in the Plan or Confirmation Order shall limit or expand the scope of discharge, release or injunction to which the Debtors or Reorganized Debtors are entitled to under the Bankruptcy Code, if any.    The discharge, release, and injunction provisions contained in the Plan and Confirmation Order are not intended and shall not be construed to bar any Governmental Unit from, subsequent to the Confirmation Order, pursuing any police or regulatory action.

29.    Notwithstanding anything contained in the Plan or Confirmation Order to the contrary, nothing in the Plan or Confirmation Order shall discharge, release, impair or

---

[5]    For purposes of this paragraph "Regulated Entity" means a Debtor that holds broadcast licenses, wireless licenses and/or earth station authorizations issued and regulated by the FCC (collectively, "Licenses"), control non-debtor subsidiaries that hold one or more Licenses, or own antennae structures registered with the FCC.

otherwise preclude: (a) any liability to any Governmental Unit that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (b) any Claim of any Governmental Unit arising on or after the Confirmation Date; (c) any valid right of setoff or recoupment of any Governmental Unit against any of the Debtors; or (d) any liability of the Debtors or Reorganized Debtors under police or regulatory statutes or regulations to any Governmental Unit as the owner, lessor, lessee or operator of property that such entity owns, operates or leases after the Confirmation Date. Nor shall anything in this Confirmation Order or the Plan: (i) enjoin or otherwise bar any Governmental Unit from asserting or enforcing, outside the Bankruptcy Court, any liability described in the preceding sentence; or (ii) divest any court, commission, or tribunal of jurisdiction to determine whether any liabilities asserted by any Governmental Unit are discharged or otherwise barred by the Confirmation Order, the Plan, or the Bankruptcy Code.

30.     Nothing in the Confirmation Order or the Plan shall release or exculpate any non-debtor, including any non-Debtor Released Parties and/or any non-Debtor Exculpated Parties, from any liability to any Governmental Unit, including but not limited to any liabilities arising under the Internal Revenue Code, the environmental laws, or the criminal laws against the non-Debtor Released Parties and/or non-Debtor Exculpated Parties, nor shall anything in this Confirmation Order or the Plan enjoin any Governmental Unit from bringing any claim, suit, action or other proceeding against any non-debtor for any liability whatsoever; *provided, however*, that the foregoing sentence shall not (a) limit the scope of discharge granted to the Debtors under sections 524 and 1141 of the Bankruptcy Code or (b) diminish the scope of any exculpation to which any party is entitled under section 1125(e) of the Bankruptcy Code.

31.     Nothing contained in the Plan or Confirmation Order shall be deemed to determine the tax liability of any person or entity, including but not limited to the Debtors and the

Reorganized Debtors, nor shall the Plan or Confirmation Order be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of this Plan, nor shall anything in this Plan or Confirmation Order be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided under 11 U.S.C. § 505.

32.     **Conflicts Between Confirmation Order and Plan**. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each. Notwithstanding the foregoing, in the event the provisions of the Plan and the Sale Order conflict with respect to the Sale (as defined in the Sale Order), the Sale Order shall govern, and, further, if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall control.

33.     **Retention of Jurisdiction**. Notwithstanding the occurrence of the Effective Date, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction over the matters set forth in Article XI of the Plan, which provisions are incorporated herein by reference.

34.     **Enforceability of Plan**. Pursuant to Bankruptcy Code sections 1123(a), 1141(a), and 1142, and the provisions of this Confirmation Order, the Plan shall be, and hereby is, valid, binding, and enforceable, notwithstanding any otherwise applicable non-bankruptcy law. The Debtors are authorized and directed to, and authorized and directed to take all actions necessary or appropriate to, enter into, amend, modify, implement, and consummate, as necessary,

32

all agreements or documents created under or arising in connection with the Plan, without further order of this Court, in accordance with the provisions of the Plan, and only consistent therewith.

35.  **Post-Confirmation Reporting**.  Following the Confirmation Date, the Reorganized Debtors will provide such periodic post-confirmation and closing reports as required by Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York.  In addition, in accordance with the Operational Guidelines established by the United States Trustee for Chapter 11 cases, each Reorganized Debtor will file quarterly operating reports until such time as a Final Decree is entered closing the Chapter 11 Case for such Reorganized Debtor, a Final Order converting such Reorganized Debtor's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code is entered, or a Final Order dismissing such Reorganized Debtor's Chapter 11 Case is entered.

36.  **Final Order**.  Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in Bankruptcy Code section 1141(d), immediately after entry of this Confirmation Order, the Plan shall be binding upon and inure to the benefit of the Debtors, all present and former holders of Claims and Interests, whether or not such holders shall receive or retain any property or interest in property under the Plan, and their respective successors and assigns, including, but not limited to, the Reorganized Debtors and all other parties in interest in the Chapter 11 Cases. Accordingly, as permitted by Bankruptcy Rule 3020(e), the fourteen (14) day period provided by such rule is hereby waived in its entirety.

Dated: White Plains, New York
          September 23, 2019

                              /s/ Robert D. Drain
                              HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE